# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE ARTHUR BRUMFIELD,** | ) |
| | ) |
| **Plaintiff ,** | ) |
| | ) |
| v. | ) Case No. 2:09-CV-721-VEH-TMP |
| | ) |
| **BOB RILEY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 2, 2009, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 14.) The plaintiff filed objections to the report and recommendation on December 9, 2009. (Doc. 15.)

The plaintiff has filed an action pursuant to 42 U.S.C. § 1983, complaining about alleged violations of his constitutional rights during his return to Alabama from Louisiana to serve a sentence. In the report and recommendation, the magistrate judge concluded that plaintiff's action has the effect of challenging the legality of his current incarceration in Alabama, and, thus, must be brought in a *habeas* petition, not a civil rights action. In his objections, the plaintiff complains that the 2007

extradition documents refer to him as a "fugitive from justice in an unknown state" even though Alabama state officials knew his whereabouts, i.e., in prison in Louisiana. (Doc. 15 at 3.) The plaintiff further alleges that court documents in his Alabama criminal case fail to set forth that his Alabama sentence would run consecutively to his Louisiana sentence. (Doc. 15 at 2.) The plaintiff reasons, therefore, that his Alabama sentence began to run in 1982 when he was placed in the custody of the Alabama Department of Corrections ("ADOC") before being extradited to Louisiana to serve his sentence there. *Id*. at 4-5.

First, the plaintiff's contention that he was referred to as a "fugitive from justice" in the 2007 extradition documents fails to state a constitutional claim, or if it does, it implicates the validity of his extradition to Alabama and his current incarcertion, which would be the subject of a *habeas* action. Additionally, there is no dispute that following his conviction in Tuscaloosa County in 1982, the plaintiff entered into ADOC custody for about four or five weeks before being extradited to Louisiana shortly thereafter.[1] Although the plaintiff now adamantly denies that he is attacking his conviction or sentence (Doc. 15 at 7), he is contesting the length of

---

[1] The plaintiff was taken into custody by the ADOC on February 1, 1982. (Compl. at 4.) It appears from the exhibits attached to the plaintiff's complaint that he was received into the Louisiana State Penitentiary on or about March 10, 1982. (Compl., Ex. A at 82.)

his confinement by seeking credit for his imprisonment in Louisiana.[2]  In *Preiser v. Rodriguez*, 411 U.S. 475, 489, 500 (1975), the United States Supreme Court held that a challenge by a prisoner to the fact or length of his imprisonment, and seeking immediate or speedier release from that confinement, must be pursued through a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  A prisoner cannot assert such a claim under 42 U.S.C. § 1983, thereby averting the exhaustion requirements in *habeas* actions.  *See Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1980).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.  A Final Judgment will be entered.

---

[2]  For relief, the plaintiff states in his complaint: "To release me from state custody in Alabama immediately where I'm being held illegally and detained past my release date . . . In Louisiana . . . To make Alabama officials aware that every day I served in Louisiana counted as a day served in Alabama also . . . ." (Compl. at 4.)

The plaintiff further states in his objections, "Alabama prison system physically started my time in 1982.  So I should [have] gotten day for day since 1982 plus jail credit time. Along with my A.G.T. and I.G.T. good time. I was eligible for parole also." (Doc. 15 at 4.)

**DONE** this the 13th day of January, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge